

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ARTHUR CARSON,
    PLAINTIFF,

VS.                                                           CIV.NO.3:10-CV-1523-G ECF

OFFICER KELLY AND THE
CITY OF DALLAS,
    DEFENDANTS.


PLAINTIFF'S RESPONSE TO MOTION TO DISMISS


TO THE HONORABLE JUDGE OF COURT;

  COMES NOW Plaintiff, Arthur Carson, contends that He has alleged sufficient facts in the complaint To state claims for both Discriminatory application of Laws/ failure to enforce Texas Laws for African-American men in Dallas.

  {T}he plainest possible meaning of the fourteenth Amendment mandate…is that no state may deny To any citizen the protection of its criminal and civil law against private violence and private violation. Also see Plaintiff's attached Exhibit NO.1.

  Rule 8(a)(1), federal Rules of Civil Procedures holds in pertinent part, Plaintiff's pleading must Contain "a short and plain statement of the grounds for Jurisdiction ". to construe Plaintiff's factual Allegations in the light most favorable to the Plaintiff, Scheuer V. Rhodes, 416 U.S. 223, 94 S.Ct. 1683(1974).

  There is nothing conclusory regarding Plaintiff's facts, the defendants have not equally applied the Law at any phase when its relates to African-American Males, e g.," see Plaintiff's exhibit NO.2, Attached, article on the targeting of African-American males by Dallas Police. "

(1)

Plaintiff, also ask this Court to take Judicial Notice the number of excessive force cases relating To African-American males in Dallas by Dallas Police as opposed to other Races; The Conviction Ratio for African-American Men as opposed to the overall population; the frequent number of Wrongful conviction for African-American men as opposed to other races; it is this proof that Defendant's Use of the law, that implies intent to discriminate.

An invidious discriminatory purpose may often be inferred from the totality of the relevant facts Including the fact, if is true, that the law bears more heavily on one race than another. Because race And gender is the crux's of Plaintiff's case, African-American men are a suspect class.

Even in arguendo, there were two crimes committed against Plaintiff and ignored by Defendant Kelly, " Assault and Property damage ". the Defendant's motion to dismiss failed to articulate an Important Governmental objective in not arresting the wrong doer. Pursuant Gonzales V. Castlerock- 125 S.Ct. at 2803. There was no Governmental objective in this case, U.S. V. Virginia, 518 U.S. at- 532-33.

## PLAINTIFF'S NEED FOR DISCOVERY:

Plaintiff's case deserves Discovery, since statistical data is essential in matters of Discrimination, It is interesting to note, Defendant 's have yet to explain why the perpetrator whom damaged Plaintiff's Vehicle were never Arrested or Prosecuted. It is axiomatic, had Plaintiff damaged anyone's vehicle, the Law would have been enforced to Arrest Him.

Discovery is essential in this case, Murphy V. Keller, 950 F.2d.293 (5th Cir. 1992), where Plaintiff will Rely on direct and circumstantial evidence, as it relates to Equal protection intent, see Washington V. Davis, 426 U.S. 229 at 254.

The federal Court discovery Rules are based on the idea that Justice is best served if each side knows what The other side will prove ,that Defendant's custom, practices or Polices that do not provide African- American men the same protection of the Laws.

Plaintiff ask this Court apply the "less strigent standard " to His pro se complaint as opposed to that of an Attorney, Haines V. kerner, 404 U. S. 519, 92 S. Ct. 594 (1972)

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF PRAY THIS COURT ORDER DISCOVERY IN THIS MATTER, AND DENY DEFENDANTS MOTION TO DISMISS.

RESPECTFULLY SUBMITTED:

_____. Dated this 15th day of March 2011.
Arthur Carson
2608 Highland Rd # 110
Dallas, TX. 75228

(214) 32-5667


CERTIFICATE OF SERVICE:


I, Arthur Carson, certify that a copy of the foregoing Response to Defendant's Motion to dismiss, Is hereby mailed to: Tatia R. Wilson, Asst. City Attorney, for the Defendant's this 15th day of March, 2011, by U.S. Mail, postage prepaid.

I swear the foregoing statements are true and correct.

_____.
Arthur Carson
Pro se

(3)

**DANIELLE LYNN LORDI**[*]

# Police Liability Under State Tort Law for Failure to Enforce Protection Orders: The Last Demand for Accountability

> [T]he plainest possible meaning of the Fourteenth Amendment mandate . . . is that no state may deny to any citizen the protection of its criminal and civil law against private violence and private violation. Put differently, no state may, through denials of protection, permit any citizen to live in a state of "dual sovereignty." . . . No citizen shall be subject to uncheckable violence by anyone other than the state; no citizen shall be under the will and command of anyone other than the state.[1]

When a police department fails to enforce a valid order of protection against domestic violence, the state subjects the possessor of that protection order to a system of "dual sovereignty": the victim of domestic abuse is at once under the will and command of both the state and the batterer. According to Robin West and other advocates for battered women who have argued that systematic maladministration of the laws against domestic violence constitutes a violation of equal protection, the state's failure to protect requires an enforceable remedy.[2] With-

---

* J.D. Candidate, University of Oregon School of Law, 2007. Associate Editor, *Oregon Law Review*, 2006-07. I would like to thank Professor Caroline Forell for her guidance and enthusiasm. Thanks also to Professors Garrett Epps and Robert Tsai for their insight and encouragement, and to my mother for her selfless support and friendship. Finally, thanks to Professor Merle Weiner, my mentor, for her counsel and unwavering confidence in this and all my endeavors.

1 Robin West, *Toward an Abolitionist Interpretation of the Fourteenth Amendment*, 94 W. VA. L. REV. 111, 129 (1991).

2 *E.g.*, Brief of Law Professors as Amici Curiae in Support of Petitioners at 18-30, United States v. Morrison, 529 U.S. 598 (2000) (Nos. 99-5, 99-29), 1999 WL 1032805; West, *supra* note 1, at 135.

R

[325]

#(1)



Print   Close [x]

View all of BASHIR's articles

Email   Print

0 comments

# Dallas police beating of black man still under investigation

By BASHIR BAKHTIARI, Dallas Crime Examiner
September 15th, 2010 12:50 pm CT

A man who was assaulted by Dallas police officers recently has decided to convey his message to the general public regarding his experience and perspectives surrounding the incident.

The beating was caught by a police video dashboard camera and when it was viewed by others, it revealed police officers physically and excessively attacking Andrew Collins, a young black citizen, following a pursuit that lasted briefly.

Of all the six officers involved, three of those officers were placed on administrative leave, while the remaining three officers were placed on restricted duty. It was also learned that none of them were veteran officers; they were all trainees, and they were all white.

According to Dallas Police Chief David Brown, the department will experience humiliation at a universal extent once the video footage (featuring the September 5 beating) will be observed.

Collins, while outside the office of his lawyer, announced that it became a difficult situation for him recently. He seemed to be courteous and soft-spoken, and did not have any noticeable wounds.

It was claimed that police have attacked Collins with fists and a club, and the incident was videotaped by a police dashboard camera installed in a cruiser. Although Collins declared that it was a painful

#2

experience, he was not able to tell how many blows he had received.

Sources say that when the video footage was viewed, Collins did not seem to retaliate against the officers. Instead, they heard Collins crying out and telling the officers to stop attacking him. In addition, sources say that at some stage in the pursuit, one of the officers was heard shouting, "Get close to him so I can beat the [expletive] out of him." Collins also claimed that he obeyed the officers and did everything they told him to do.

The reason why Collins was approached by police was that they spotted him driving a motorcycle on the sidewalk. This, then, led to a short chase; and then, the beating. The incident has affected Collins psychologically.

Since the police department is experiencing public embarrassment, the accused officers could be involuntarily terminated and sued.

Chief Brown declared that the occurrence was not racially motivated. Yet, he cares about all the concerns given by members of the community. Hence, he intends to meet with minority activists to discuss the incident following the release of the video footage.

It was also learned that in this case, the officers involved have falsified the police report, as a way to cover up their acts.

Like this case, any case of police misconduct, police brutality, or police corruption would be nothing but humiliation to the police agencies the officers involved are working for. These events have remained widespread, even after the existence of the Civil Rights Act of 1964.

So why is it that blacks (or minorities) have become the main targets of police misconduct?

If it has been said that Collins did not make any attempt to resist the officers or act in any negative way in front

Art Carson
2608 Highland Rd, #110
Dallas, TX. 75228

Clerk
U.S. District Court
Northern District of Texas
1100 Commerce St.
Dallas, TX. 75242

RECEIVED
MAR 18 2011