UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ARTHUR CARSON, | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. |
| v. | § | |
| | § | 3:10-CV-1523-G-BK |
| OFFICER KELLY AND | § | ECF |
| THE CITY OF DALLAS | § | |
| Defendants. | § | |

**DEFENDANT CITY OF DALLAS' REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO RULE 12(b)(6)**

TO THE HONORABLE COURT:

Defendant City of Dallas ("City") files its reply to Plaintiff's Response to Motion to Dismiss ("Response") (Doc. #27), filed on March 18, 2011.

**I.   SUMMARY OF REPLY**

Plaintiff Arthur Carson ("Plaintiff" or "Carson") has failed to show in his Response that Plaintiff's Complaint contains sufficient factual content to make Plaintiff's claims against the City facially plausible. Even if the City had a policy or custom of not investigating complaints by African-American male victims of assault and property crimes, Plaintiff's Complaint fails to identify the City's final policymaker for the Dallas Police Department. Plaintiff's Complaint moreover contains no well-pleaded facts that would permit this Court to make a rational inference of deliberate indifference by the policymakers. Therefore, Plaintiff's claims made pursuant to 42 U.S.C. § 1983 should be dismissed. Plaintiff also is not entitled to any discovery until he has first stated a viable claim.

## II.     ARGUMENT AND AUTHORITIES IN REPLY

### A.     City's Objection to Plaintiff's Evidence

Generally, in deciding a 12(b)(6) motion to dismiss, the court must limit itself to the contents of the pleadings, including attachments thereto. *Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496, 498 (5th Cir. 2000). The court may, however, take judicial notice of matters of public record. *Norris v. Hearst Trust,* 500 F.3d 454, 461 n.9 (5th Cir. 2007). When "matters outside the pleading" are submitted in connection with a Rule 12(b)(6) motion to dismiss, the Court has complete discretion to either accept or exclude the evidence for purposes of the motion to dismiss. *Isquith ex rel. Isquith v. Middle S. Utils., Inc.,* 847 F.2d 186, 196 & n.3 (5th Cir. 1988); *accord Gen. Retail Servs., Inc. v. Wireless Toyz Franchise, LLC,* 255 Fed. App'x 775, 783 (5th Cir. 2007). If the court decides to consider such extraneous material, then the court must treat the Rule 12(b)(6) motion as a motion for summary judgment under Rule 56, and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

In support of his opposition to the City's motion to dismiss, Carson attaches to his Response excerpts from a law review comment and Internet article. *See* Response (Doc. #27) at PageID 124-126 (Danielle Lynn Lordi, *Police Liability Under State Tort Law for Failure to Enforce Protection Orders: The Last Demand for Accountability*," 85 Or. L. Rev. 325 (2006), http://www.law.uoregon.edu/org/olr/archives/85/851lordi.pdf); Bashir Bakhtiari, Dallas Crime Examiner, *Dallas police beating of black man still under investigation* (Sept. 15, 2010), http://www.examiner.com/crime-in-dallas/dallas-police-beating-of-black-man-still-under-investigation.) The City objects to the documents because they are neither attached to nor incorporated into Plaintiff's Complaint and are, therefore, not a part of Plaintiff's pleadings. (*See* Doc. #1, Doc. #8, and Doc. #15.) Further, Carson did not refer to either document in his

Complaint and neither is central to his *Monell* claim against the City. *Cf. Collins,* 224 F.3d at 499 ("[D]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim.") The documents therefore should not be considered by the Court in determining the City's motion.

Carson also asks this Court to take judicial notice of (1) the number of excessive force cases relating to African-American males in Dallas by Dallas Police as opposed to other races; (2) the conviction ratio for African-American men as opposed to the overall population; (3) the frequent number of wrongful convictions for African-American men as opposed to other races. *See* Response (Doc. #27) at PageID 122. Under Rule 201 of the Federal Rules of Evidence, "[a] judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Plaintiff's vague, conclusory, and unsubstantiated assertions are not only irrelevant to his claims, but also inappropriate for judicial notice because they cannot be characterized as generally known within the Northern District of Texas or capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. The Court should therefore decline to take judicial notice of them.

### B. Plaintiff's Well-Pleaded Facts Fail to State a Plausible *Monell* Claim

Even if the City had a policy or custom of not investigating complaints by African-American male victims of assault and property crimes perpetrated by women, it is well-settled that where a plaintiff relies upon the existence of a municipal custom to impose liability he must show that the municipal policymakers acted with deliberate indifference to the known or obvious risk that the custom would result in the deprivation of the specific rights in issue and in the manner that those rights were abridged. *See, e.g., Piotrowski v. City of Houston*, 237 F.3d 567, 579 (5th Cir. 2001). In this case, Plaintiff fails to provide sufficient factual content to permit the Court to draw the reasonable inference that the City is liable for the alleged misconduct by its police officers. Carson has not plead the identity of the City's final policymaker with respect to the police department or facts that would make it plausible that the City's policymakers were aware of any custom of discrimination in the investigations of complaints by African-American male victims of assault or property crimes, much less facts that would make it plausible that the policymaker allowed such customs to continue despite a subjective awareness of a risk of constitutional deprivations. Because Plaintiff fails to plead non-conclusory facts supporting deliberate indifference by the City's policymaker, the Court cannot make a reasonable inference of municipal liability.

For these reasons, and those set forth in the City's motion to dismiss, Plaintiff's claims as to the City are insufficient to state a viable claim because Plaintiff's well-pleaded facts do not permit this Court to infer more than the mere possibility of misconduct.

### C. Carson Is Not Entitled to Discovery

Carson erroneously asserts that he is entitled to discovery. *See* Response (Doc. #27) at PageID 122. Carson errs. The Supreme Court was clear in *Iqbal* that a plaintiff is not entitled to *any* discovery until he has sufficiently pleaded a claim: "Because respondent's complaint is

deficient under Rule 8, he is not entitled to discovery, cabined or otherwise." *Iqbal*, 129 S. Ct. at 1954. Thus, Carson is not entitled to ensnare the City in discovery in the vain hope that he will find support for his speculative and conclusory allegations.

### III.    CONCLUSION

Plaintiff's allegations in his Complaint do not state a plausible claim for relief as to the City. Carson's allegations are vague and conclusory, and do not provide factual content beyond labels, conclusions, and a formulaic recitation of the minimal elements of section 1983 municipal liability claim. As a result of the lack of factual content in Plaintiff's Complaint, his section 1983 claims lack facial plausibility because the Court cannot draw the reasonable inference that the City is liable for the misconduct Carson alleges. Therefore, the City is entitled to dismissal of Carson's claims against it made pursuant to 42 U.S.C. § 1983. Carson moreover is not entitled to salvage his insufficient complaint by engaging the City in the discovery process.

WHEREFORE, Defendant City of Dallas prays that the Court grant its motion and dismiss all of Plaintiff's claims against it, that the City recover all costs of suit, and that the Court grant the City all other relief to which it is entitled consistent with its motion.

        Respectfully submitted,

        THOMAS P. PERKINS, JR.
        Dallas City Attorney


        s/ *Tatia R. Wilson*
        Tatia R. Wilson
        Senior Assistant City Attorney
        Texas Bar No. 00795793
        tatia.wilson@dallascityhall.com

        James C. Butt
        Senior Assistant City Attorney
        Texas Bar No. 24040354
        james.butt@dallascityhall.com

        City Attorney's Office
        1500 Marilla Street, Room 7B North
        Dallas, Texas 75201
        Telephone:   214-670-3519
        Telecopier:   214-670-0622

        *Attorneys for Defendants*


### CERTIFICATE OF SERVICE

I certify that on March 31, 2011, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.  I also served a copy of the City's reply upon Plaintiff, Arthur Carson, via certified mail, return receipt requested, at 2608 Highland Road, #110, Dallas, Texas 75228-6002, on that same date.

        s/ *Tatia R. Wilson*
        Assistant City Attorney